David M. Stern (State Bar No. 67697)
Martin N. Kostov (State Bar No. 301135)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: dstern@ktbslaw.com
mkostov@ktbslaw.com

*Attorneys for Defendants Green Day Touring, Inc. and Creative Artists Agency, LLC*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>NI-FI FESTIVALS, LLC,<br><br>    Debtor. | Case No. 15-10759 AJ<br><br>Chapter 7 |
| LINDA S. GREEN, Trustee in Bankruptcy of the Estate of Ni-Fi Festivals, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GREEN DAY TOURING, INC., a California corporation; and CREATIVE ARTISTS AGENCY, LLC, a Delaware limited liability company,<br><br>    Defendants. | Adv No. 15-1086 AJ<br><br>**ANSWER TO COMPLAINT TO AVOID FRAUDULENT TRANSFERS**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Defendants Green Day Touring, Inc. ("Green Day") and Creative Artists Agency, LLC ("CAA" and, together with Green Day, the "Defendants"), by and through their counsel of record, hereby file this Answer to and regarding the *Complaint to Avoid Fraudulent Transfers* [Dkt. No. 1] (the "Complaint"), filed in the above-captioned adversary proceeding (the "Adversary Proceeding") by Linda S. Green (the "Trustee" or "Plaintiff") as Trustee in Bankruptcy of the estate of Ni-Fi Festivals, LLC (the "Debtor"), and respectfully state as follows:

## I. GENERAL DENIAL

Except as otherwise expressly admitted herein, the Defendants deny each and every allegation in the Complaint, including, without limitation, all allegations contained in any preamble, headings, subheadings, or prayer for relief of the Complaint, and deny that the Trustee is entitled to any relief whatsoever in this Adversary Proceeding. Allegations in the Complaint to which no responsive pleading is required shall be deemed denied. The Defendants expressly reserve the right to modify, amend, or supplement this Answer as may be necessary.

## II. ANSWER

### JURISDICTION AND VENUE

**1.** **Paragraph 1 of Complaint:** On July 23, 2015, the Debtor NI-FI Festivals, LLC filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the above-entitled Court. Thereafter, Plaintiff Linda S. Green was duly appointed the Chapter 7 Trustee in Bankruptcy of the Debtor's Estate.

**Defendants' Response to Paragraph 1:** The Defendants admit the allegations of Paragraph 1 of the Complaint.

**2.** **Paragraph 2 of Complaint:** This action is a civil proceeding arising in a case under Title 11 of the United States Code. The United States District Court for the Northern District of California has subject matter jurisdiction over this adversary proceeding pursuant to the provisions of 28 USC § 1334, and 11 USC §§ 544, 548. The District Court has referred jurisdiction of this adversary proceeding to the United States Bankruptcy Court for the Northern District of California pursuant to its General Order 24. Venue is proper here pursuant to the provisions of 28 USC § 1409.

**Defendants' Response to Paragraph 2:** The Defendants admit the allegations of Paragraph 2 of the Complaint.

1
Answer to Complaint

**3. Paragraph 3 of Complaint:** This matter is a "core" proceeding as defined by 28 USC § 157(a)(2)(A), (H), and (O). Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provisions of 28 USC § 157(c)(2).

**Defendants' Response to Paragraph 3:** The Defendants admit that the Adversary Proceeding is, by statute, a "core" proceeding, but answer further that it is the type of "core" proceeding with respect to which the Bankruptcy Court lacks the constitutional authority to enter final judgment, absent consent. The Defendants do not consent to final judgment of the Bankruptcy Court in this Adversary Proceeding and deny any allegations, to the extent such are contained in Paragraph 3 of the Complaint, that the Bankruptcy Court has the authority to enter final judgment in this Adversary Proceeding.

## PARTIES

**4. Paragraph 4 of Complaint:** At all relevant times, the Debtor has been a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the Northern District of California.

**Defendants' Response to Paragraph 4:** The Defendants admit that the Debtor is a limited liability company organized under the laws of the State of Delaware. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4 of the Complaint, and therefore deny the allegations.

**5. Paragraph 5 of Complaint:** Plaintiff is informed and believes and on that basis alleges that Defendant Green Day Touring, Inc., is a corporation organized and existing under the laws of the State of California, and doing substantial business in the State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant Green Day Touring, Inc. is the business entity which operates the American rock band, "Green Day."

**Defendants' Response to Paragraph 5:** The Defendants deny the allegation that Green Day Touring, Inc. operates the band Green Day. The Defendants further answer that Green Day Touring, Inc. operates the touring business of the band Green Day and furnishes the services of the band members with respect to concert performance agreements. The Defendants admit the remaining allegations of Paragraph 5 of the Complaint.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

**6.** **Paragraph 6 of Complaint:** Plaintiff is informed and believes and on that basis alleges that Defendant Creative Artists Agency, LLC, ("CAA") is a limited liability company organized and existing under the laws of the State of Delaware, and doing substantial business in the State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant CAA is the talent/booking agent for Green Day.

**Defendants' Response to Paragraph 6:** The Defendants deny that CAA is the talent agent for Green Day and further answer the CAA is the booking agent for Green Day. Defendants admit the remaining allegations of Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

### The Capitalization and Business of Ni-Fi Festivals, LLC

**7.** **Paragraph 7 of Complaint:** From and after March, 2014, the Debtor conceived a business plan to promote large scale, multi-day popular music concerts at various auto race track venues throughout the United States, including the Atlanta Motor Speedway, the Charlotte Motor Speedway, the Kentucky Motorspeedway, the Sonoma Raceway, and the Texas Motor Speedway. The first such concert attempted to be promoted by the Debtor was a multi-day music festival at the Kentucky Speedway in Sparta, KY, known as the "Ni-Fi Music Fest", scheduled for August 29 - August 31, 2015, which the managing principals of the Debtor anticipated would generate millions of dollars of income and expenses and draw hundreds of thousands of people.

**Defendants' Response to Paragraph 7:** The Defendants admit that the Debtor attempted to promote a multi-day music festival at the Kentucky Speedway in Sparta, KY, known as the "Ni-Fi Music Fest," that was scheduled for August 29 – August 31, 2015 and that the managing principals of the Debtor anticipated that the Ni-Fi Music Fest would generate millions of dollars of income and expenses and draw hundreds of thousands of people. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore deny the allegations.

**8.** **Paragraph 8 of Complaint:** To produce and promote the Ni-Fi Music Fest, between approximately January 1, 2015, and June 1, 2015, the Debtor engaged 43 music bands at a combined cost of over $6,210,000. Most of this musical talent required substantial cash deposits, and many required 100% deposits, all of which were tendered no later than on or about June 1, 2015.

**Defendants' Response to Paragraph 8:** The Defendants admit that Green Day was paid in full by Debtor in three installments, the last of which was received on or about June 1, 2015.

The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8 of the Complaint, and therefore deny the allegations.

**9.** **Paragraph 9 of Complaint:** In addition to the musical talent, the Debtor required millions of additional dollars to successfully produce the Ni-Fi Music Fest, including without limitation (1) facility fees and governmental permit fees, (2) logistic, security and other site costs, (3) wage and benefit expenses payable to stage hands and technicians, (4) massive marketing and promotional expenses, and (5) staff overhead.

**Defendants' Response to Paragraph 9:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint, and therefore deny the allegations.

**10.** **Paragraph 10 of Complaint:** Plaintiff is informed and believes and on that basis alleges that as of no later than June 1, 2015, the total incurred and reasonably anticipated indebtedness to produce the Ni-Fi Music Fest was in excess of $15,000,000.

**Defendants' Response to Paragraph 10:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 of the Complaint, and therefore deny the allegations.

<u>The Agreement with Defendants</u>

**11.** **Paragraph 11 of Complaint:** Shortly before May 6, 2015, the Debtor and Defendants entered into an oral agreement, evidenced in part by a written memorandum attached hereto and labeled Exhibit 1, that "Green Day" would perform at the Ni-Fi Music Fest for a fixed fee of $1,800,000.

**Defendants' Response to Paragraph 11:** The Defendants admit that Green Day agreed to perform at the Ni-Fi Music Fest for a fixed fee of $1,800,000 pursuant to the written agreement attached as Exhibit 1 to the Complaint, but otherwise answer that the remainder of Paragraph 11 of the Complaint is vague and, to the extent required, deny the remaining allegations of that paragraph.

**12.** **Paragraph 12 of Complaint:** In consideration for the performance of "Green Day", the Debtor paid to Defendant CAA the following sums on the following dates for the benefit of it and the Defendant Green Day Touring, Inc.: (1) 5/6/2015- $450,000; (2) 5/22/2015- $450,000; and (3) 6/l/2015- $900,000. These monies were property of the Debtor.

**Defendants' Response to Paragraph 12:** The Defendants admit the allegations in the first sentence of Paragraph 12 of the Complaint, and answer further that they are informed and believe, and, based upon such information and belief, allege that the Debtor paid the referenced sums not only for Green Day's performance, but also in order to be able to use Green Day's trademarked name and likeness for multiple reasons, most especially in order to promote and sell tickets to the Ni-Fi Music Fest. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 12 of the Complaint, and therefore deny the allegations.

<u>Subsequent Financial Losses</u>

13. **Paragraph 13 of Complaint:** Shortly after these $1,800,000 in payments were made to the Defendants, the Debtor cancelled the Ni-Fi Music Fest for lack of ticket sales. No performance was ever provided by the Defendants, and the Defendants retained the $1,800,000 payment. The Debtor terminated its business and filed Chapter 7 Bankruptcy a short time later.

**Defendants' Response to Paragraph 13:** The Defendants admit that they received $1,800,000, that the Debtor cancelled the Ni-Fi Music Fest, that, as a result of the cancellation, Green Day could not and did not perform at the Ni-Fi Music Fest, and that the Debtor filed a Chapter 7 Bankruptcy. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 13 of the Complaint, and therefore deny the allegations.

14. **Paragraph 14 of Complaint:** As of the filing of the Chapter 7 petition for relief, the Debtor had tangible assets of less than $5,000 and valid debts in excess of $5,000,0000. The Debtor had no source of substantial future income and no prospects for any further business.

**Defendants' Response to Paragraph 14:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 14 of the Complaint, and therefore deny the allegations.

### FIRST CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer – 11 U.S.C. § 548)**

15. **Paragraph 15 of Complaint:** Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14, inclusive.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1   **Defendants' Response to Paragraph 15:** The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 14 of the Complaint, inclusive.

16. **Paragraph 16 of Complaint:** Between May 6, 2015 and June 1, 2015, dates within one year of the filing of the petition for relief, the Debtor transferred the aggregate sum of $1,800,000 to the Defendant CAA for the benefit of it and the Defendant Green Day Touring, Inc. These monies were property of the Debtor.

**Defendants' Response to Paragraph 16:** The Defendants admit the allegations in the first sentence of Paragraph 16 of the Complaint. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 16 of the Complaint, and therefore deny the allegations.

17. **Paragraph 17 of Complaint:** At the time of these transfers, the Debtor was insolvent, or rendered insolvent by the transfer. Specifically, as of June 1, 2015, the Debtor had assets of no more than $1,002,020, but it had liabilities in excess of $3,558,625.

**Defendants' Response to Paragraph 17:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint, and therefore deny the allegations.

18. **Paragraph 18 of Complaint:** At the time of these transfers, the Debtor was left with an unreasonably small capitalization. Among other things, the Debtor had insufficient funds to promote and produce an event at a cost of not less than $15,000,000, which expenditure would be required to realize any income from this event.

**Defendants' Response to Paragraph 18:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint, and therefore deny the allegations.

19. **Paragraph 19 of Complaint:** At the time of these transfers, the Debtor had incurred, or intended to incur, debts beyond their ability to pay as they matured, including without limitation the expenses of completing the Ni-Fi Music Fest as described above.

**Defendants' Response to Paragraph 19:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint, and therefore deny the allegations.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

20. **Paragraph 20 of Complaint:** This transfer was not made in exchange for fair consideration. The Debtor received no performance from the Defendants, and the Defendants received a windfall payment for doing nothing.

**Defendants' Response to Paragraph 20:** The Defendants admit that Green Day did not perform at the Ni-Fi Music Fest, which the Debtor cancelled, therefore excusing such performance. The Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. **Paragraph 21 of Complaint:** Plaintiff is therefore entitled to avoid and recover these $1,800,000 transfers from Defendants pursuant to the provisions of 11 U.S.C. §§ 548(a)(l)(B) and 550, and preserve these transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551. Plaintiff seeks a single recovery, jointly and severally, against Defendant CAA as the "initial transferee" and against Defendant Green Day Touring, Inc., as the entity for whose benefit such transfer was made, as the terms are used in 11 U.S.C. § 550(a)(1).

**Defendants' Response to Paragraph 21:** The Defendants deny the allegations of Paragraph 21 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Constructive Fraudulent Transfer – 11 U.S.C. § 544)

22. **Paragraph 22 of Complaint:** Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 21, inclusive.

**Defendants' Response to Paragraph 22:** The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 21 of the Complaint, inclusive.

23. **Paragraph 23 of Complaint:** Among the rights and powers of Plaintiff as the duly acting Debtor-in-possession of this Estate are all of the avoidance rights of actual creditors of the Debtor existing as of the filing of the petition for relief and all of the rights and powers of hypothetical execution and judgment lien creditors of the debtor as of the filing of the petition for relief.

**Defendants' Response to Paragraph 23:** Except to note that Plaintiff has misstated her role in referring to herself as the Debtor-in-possession (when she is the Trustee), the allegations of Paragraph 23 of the Complaint assert legal conclusions as to which no response is required. The Defendants reserve their rights to dispute these legal conclusions, which are, in any event, gross simplifications of the law.

24. **Paragraph 24 of Complaint:** Between May 6, 2015 and June 1, 2015, dates within one year of the filing of the petition for relief, the Debtor transferred the aggregate sum of $1,800,000 to the Defendant CAA for the benefit of it and the Defendant Green Day Touring, Inc. These monies were property of the Debtor.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

**Defendants' Response to Paragraph 24:** The Defendants admit the allegations in the first sentence of Paragraph 24 of the Complaint. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 24 of the Complaint, and therefore deny the allegations.

**25. Paragraph 25 of Complaint:** At the time of these transfers, the Debtor was insolvent, or rendered insolvent by the transfer. Specifically, as of June 1, 2015, the Debtor had assets of no more than $1,002,020, but it had liabilities in excess of $3,558,625.

**Defendants' Response to Paragraph 25:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Complaint, and therefore deny the allegations.

**26. Paragraph 26 of Complaint:** At the time of these transfers, the Debtor was left with an unreasonably small capitalization. Among other things, the Debtor had insufficient funds to promote and produce an event at a cost of not less than $15,000,000, which expenditure would be required to realize any income from this event.

**Defendants' Response to Paragraph 26:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Complaint, and therefore deny the allegations.

**27. Paragraph 27 of Complaint:** At the time of these transfers, the Debtor had incurred, or intended to incur, debts beyond their ability to pay as they matured, including without limitation the expenses of completing the Ni-Fi Music Fest as described above.

**Defendants' Response to Paragraph 27:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint, and therefore deny the allegations.

**28. Paragraph 28 of Complaint:** This transfer was not made in exchange for fair consideration. The Debtor received no performance from the Defendants, and the Defendants received a windfall payment for doing nothing.

**Defendants' Response to Paragraph 28:** The Defendants admit that Green Day did not perform at the Ni-Fi Music Fest, which the Debtor cancelled, therefore excusing such performance. The Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

8  Answer to Complaint

**29. Paragraph 29 of Complaint:** As of the petition date, there existed actual creditors with the rights and powers under the laws of the State of California to avoid these transfers, and to obtain a writ of attachment against the transferred monies, pursuant to the provisions of California Civil Code §§ 3439 et seq. These creditors include, without limitation, TCG Growth & Income Fund, LLC.

**Defendants' Response to Paragraph 29:** The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Complaint, and therefore deny the allegations.

**30. Paragraph 30 of Complaint:** Plaintiff is therefore entitled to avoid and recover these $1,800,000 in transfers from Defendants pursuant to the provisions of 11 U.S.C. §§ 548(a)(l)(B) and 550, and preserve these transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551. Plaintiff seeks a single recovery, jointly and severally, against Defendant CAA as the "initial transferee" and against Defendant Green Day Touring, Inc., as the entity for whose benefit such transfer was made, as the terms are used in 11 U.S.C. § 550(a)(l).

**Defendants' Response to Paragraph 30:** The Defendants deny the allegations of Paragraph 30 of the Complaint.

## PRAYER FOR RELIEF

The Defendants deny the allegations contained in the Complaint's Prayer for Relief, and deny that the Trustee or the Debtor are entitled to any relief whatsoever.

## III. AFFIRMATIVE DEFENSES

The Defendants have not completed discovery in this Adversary Proceeding and have not completed their preparation for trial. As such, the defenses set forth below are based on the Defendants' knowledge, information, and belief at this time and the Defendants specifically reserve the right to modify, amend, or supplement their affirmative defenses to the allegations contained in the Complaint at any time. Without conceding that they bear the burden of proof or persuasion as to any one of the following, the Defendants interpose the following affirmative defenses to the allegations contained in the Complaint:

*First Affirmative Defense*: The Complaint fails to state a claim upon which relief can be granted.

*Second Affirmative Defense*: As to all claims premised upon Defendants having received allegedly fraudulent transfers, whether under bankruptcy law or state law, Defendants answer that they took for value and in good faith and thus, in the event the Court determines that the value

given was not reasonably equivalent value (which they have denied as set forth in detail above), they may retain the monies paid to them to the extent of the value provided.

## IV.  RESERVATION OF RIGHTS

Nothing in this Answer constitutes or shall be deemed or construed as a waiver of any rights (or as any form of consent that could adversely affect such rights) under the Constitution, the Bankruptcy Code, and/or the Bankruptcy Rules: (i) under Article III of the Constitution with respect to the exercise of the judicial power of the United States and/or (ii) to have orders or judgments in the Adversary Proceeding entered by a United States District Judge.

DATED: December 15, 2015          KLEE, TUCHIN, BOGDANOFF & STERN LLP

/s/ *David M. Stern*
David M. Stern (State Bar No. 67697)
Martin N. Kostov (State Bar No. 301135)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:        dstern@ktbslaw.com
              mkostov@ktbslaw.com

*Attorneys for Defendants Green Day Touring, Inc. and Creative Artists Agency, LLC*

## DEMAND FOR JURY TRIAL

The Defendants hereby demand a trial by jury of the Complaint in this Adversary Proceeding pursuant to, *inter alia, Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33 (1989), and the provisions of both the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, applicable herein pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 9015(b) of the Federal Rules of Bankruptcy Procedure, the Defendants do not consent to a jury trial before the Bankruptcy Court.

DATED: December 15, 2015      KLEE, TUCHIN, BOGDANOFF & STERN LLP

/s/ *David M. Stern*
---
David M. Stern (State Bar No. 67697)
Martin N. Kostov (State Bar No. 301135)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000
Facsimile: 310-407-9090
Email: dstern@ktbslaw.com
           mkostov@ktbslaw.com

*Attorneys for Defendants Green Day Touring, Inc. and Creative Artists Agency, LLC*

# PROOF OF SERVICE

I declare that I am over eighteen years of age and that I am not a party to this action. My business address is 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-6049.

On December 15, 2015, I served a true and correct copy of the **ANSWER TO COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND DEMAND FOR JURY TRIAL** on the parties indicated on the attached list by using the method indicated below:

☒ **By First-Class Mail**: I am readily familiar with the business practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the document(s) listed above was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the above-referenced document(s) were placed into the envelopes, the envelopes were sealed and addressed as set forth on the attached list and, with postage thereon fully prepaid, the envelopes were placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

## SERVICE LIST

**Linda S. Green**
PO Box 5350
Santa Rosa, CA 95402

**John H. MacConaghy**
MacConaghy and Barnier
645 1st St. W #D
Sonoma, CA 95476

**Michael St. James**
St. James Law
155 Montgomery St. #1004
San Francisco, CA 94104

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this declaration was executed at Los Angeles, California on December 15, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Shanda Pearson*
Shanda Pearson